PER CURIAM.
We have before us the report of The Florida Bar Standing Committee on Pro Bono Legal Service (Standing Committee) recommending that this Court amend Rule Regulating the Florida Bar 4-6.1, Pro Bono Public Service, to remove the deferral of government lawyers from the aspirational pro bono legal services goal and mandatory reporting requirement. We have jurisdiction. See art. V, § 15, Fla. Const. After considering the report and the comments filed, and hearing oral argument, we decline to adopt the changes proposed by the Standing Committee.

BACKGROUND

In 1993, this Court implemented a pro bono service program for Florida attorneys. See Amendments to Rules Regulating the Florida Bar — 1-3.1(a) and Rules of Judicial Administration — 2.065 (Legal Aid), 630 So.2d 501 (Fla.1993) (hereinafter Amendments). In the opinion, the Court expressly found that its constitutional authority to implement such a program was limited, noting that “no authority exists for this Court to address, through the Rules Regulating The Florida Bar, uncompensated public service activities not directly related to services for the courts and the legal needs of the poor.” Id. at 503. Thus, the Court concluded that the proposed rules should be amended to eliminate any reference to services not related to the legal needs of the poor. Id. Further, in order to accomplish the goal of motivating attorneys to provide necessary legal services to the poor, the Court found “that the definition of legal services to the poor should be narrow, expressing simply that Florida lawyers should strive to render (1) pro bono legal services to the poor or (2) to the extent possible, other pro bono service activities that directly relate to the legal needs of the poor.” Id.
In implementing the program, the Court noted that there are specific rules or regulations that prohibit many government attorneys from the practice of law other than in the performance of their constitutional or statutory functions. Id. at 504.[1] Based upon these prohibitions, this Court deferred from the program any government lawyers who are prohibited by statute, rule, or other regulation from participating in the provision of legal services to the *445 poor. Id. Nevertheless, the Court noted that various government offices had developed pro bono programs through which attorneys in those offices could engage in providing pro bono services, and the Court encouraged the development of such programs. Id.

THE REPORT OF THE STANDING COMMITTEE

In Amendments, this Court adopted Rule Regulating the Florida Bar 4-6.5, Voluntary Pro Bono Plan. See 630 So.2d at 510-13. This rule directed the president-elect of The Florida Bar to appoint a standing committee on pro bono legal service to the poor. See R. Regulating Fla. Bar 4-6.5(b). The Standing Committee was charged with the following duties: (a) receiving reports from circuit committees submitted on standardized ' forms developed by the Standing Committee; (b) reviewing and evaluating circuit court pro bono plans; (c) beginning in the first year in which individual attorney pro bono reports are due, submitting an annual report as to the activities and results of the pro bono plan to the Board of Governors of The Florida Bar, The Florida Bar Foundation, and the Supreme Court of Florida; and (d) presenting to the Board of Governors of The Florida Bar and to the Supreme Court of Florida any suggested changes or modifications to the pro bono rules. See R. Regulating Fla. Bar 4-6.5(b)(2).
On May 15, 2002, the Standing Committee filed its report pursuant to rule 4-6.5(b)(2)c. on the activities and results of the voluntary pro bono plan adopted by this Court in Amendments. In its report, the Standing Committee noted that the degree of pro bono participation varies widely from circuit to circuit and some circuits have developed special pro bono programs for participation by government lawyers. The report lists examples of the pro bono projects and activities that were reported by the circuit committees, including Teen Court, the Guardian ad Litem program, the Attorneys Fighting for Seriously Ill Children project, the handling of domestic violence permanent injunctions, and the performing of client intake for pro bono programs. Further, the Standing Committee noted that numerous governmental entities, agencies, and departments have adopted pro bono policies and programs. Concluding that the numerous organized pro bono programs across the state have demonstrated that they can work with these governmental entities to provide appropriate pro bono legal service opportunities and support services so that government lawyers may fully participate in the Florida pro bono program, the Standing Committee recommends that this Court remove the deferral from the aspirational goal and the mandatory reporting requirement set forth in Rule Regulating the Florida Bar 4-6.1. Further, the Standing Committee proposes to amend the comment to the rule to provide that the primary purpose of pro bono service is overall a public one and is within government lawyers’ public service responsibilities.
The Standing Committee’s proposed changes were published in the June 15, 2002, edition of The Florida Bar News. A number of comments were received both in favor of and against the proposed changes.[2]
*446 The Standing Committee’s report demonstrates that government attorneys statewide are engaging in a wide variety of pro bono activities. In fact, at the Pro Bono Awards ceremony held each year at this Court, a separate Legal Aid Public Service Award is given to recognize outstanding pro bono legal services by a government lawyer or group of government lawyers. We commend these government attorneys because the performance of such service educates the public about the judicial system and assists individuals in obtaining access to that system. We further commend the pro bono organizations and the various entities, agencies, and departments of the State that have facilitated the participation of government attorneys in such activities. At oral argument the Legal Aid Society of the Orange County Bar Association pointed out numerous activities that government attorneys can engage in that improve access to justice for the poor without running afoul of any statutory prohibition.
The deferral from reporting is only for those government attorneys who are prohibited by statute, rule, or regulation from practicing law unconnected with their government service. Legitimate reasons have been advanced why certain categories of government attorneys would be unable to provide legal services to the poor independent of their official government positions.
The Standing Committee asserts that removing the deferral would emphasize to those government attorneys who thus far have been hesitant to engage in pro bono service that such conduct is permissible and encouraged by this Court. The Standing Committee further asserts that to accomplish this goal, legal services to the poor should be broadly defined as encompassing any conduct that improves access to courts.
Despite the Standing Committee’s assertion that the definition of legal services to poor should encompass broader activities to include those that improve access to justice, this Court expressly stated in Amendments that “no authority exists for this Court to address, through the Rules Regulating The Florida Bar, uncompensated public service activities not directly related to services for the courts and the legal needs of the poor.” 680 So.2d at 503. Because we do not have the authority to expand the pro bono program to cover activities that are not directly related to the legal needs of the poor, we conclude that government attorneys who are prohibited by statute, rule, or other regulation from the practice of law must continue to remain deferred from providing pro bono legal services pursuant to rule 4-6.1.
At oral argument, the Standing Committee argued that there is no need for government attorneys to be deferred under rule 4-6.1 any longer because these attorneys are actively engaging in pro bono services without violating the statutes, rules, or regulations that apply to them. However, government attorneys are deferred only if they are otherwise prohibited by statute, rule, or regulation from the practice of law outside their government employment. Thus, eliminating the deferral from engaging in activities that are directly related to legal services to the poor will not change the underlying prohibition against the practice of law to the extent it exists. Thus, even if we were to approve of the participation of these attorneys in the provision of pro bono legal services to the poor, they would still be unable to engage in such activities. Rather than place government attorneys in the awkward position of trying to reconcile a pro bono obligation with the restrictions of their employment, we conclude that the current system whereby government attorneys are encouraged to engage in a *447 wide variety of pro bono activities that increase knowledge about the legal system and access to courts, but are deferred from the requirements of rule 4-6.1, is preferable. Therefore, we decline to adopt the Standing Committee’s proposed amendments to rule 4-6.1. In declining to adopt these amendments, we are in no way dissuading government attorneys from engaging in pro bono activities that increase access to courts. We find that the services are invaluable to educating the public about the law and the judicial system, and we applaud all government attorneys who engage in such worthwhile activities.
We express our gratitude to the members of the Standing Committee for the dedicated efforts that they have expended in collecting information about pro bono services across the State. Cur thanks also goes to the individuals who filed comments, and especially those who participated in oral argument.
It is so ordered.
ANSTEAD, C.J., WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., and SHAW, Senior Justice, concur.

. See, e.g., § 27.015, Fla. Stat. (2002) ("All state attorneys elected to said office shall be so elected on a full-time basis and shall be prohibited from the private practice of law while holding said office.”); § 27.51(3), Fla. Stat. (2002) ("Each public defender shall serve on a full-time basis and is prohibited from engaging in the private practice of law while holding office.”).

. Comments were filed by The Florida Bar Government Lawyer Section; the Legal Aid Society of the Orange County Bar Association, Inc.; The Florida Pro Bono Coordinators Association; attorney Arthur I. Jacobs, on behalf of the Florida Prosecuting Attorneys Association; attorney Jordan L. Clouse; and attorney Howard O. McGillin, Jr.